IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDALL K. REITH,                )<br>                                            )<br>            Plaintiff,             )<br>                                            )<br>v.                                        )     Case No. CIV-24-CV-204-SPS<br>                                            )<br>MARTIN O'MALLEY,[1]           )<br>Commissioner of the Social   )<br>Security Administration,        )<br>                                            )<br>            Defendant.          ) | |

**OPINION AND ORDER**

The claimant Randall K. Reith, requests judicial review pursuant to 42 U.S.C. § 405(g) of the denial of benefits by the Commissioner of the Social Security Administration. He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is hereby AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience,

---

[1] On December 20, 2023, Martin J. O'Malley became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Mr. O'Malley is substituted for Kilolo Kiakazi as the Defendant in this action.

engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

### Claimant's Background

Claimant was born on September 10, 1992, and was 29 years old on the date his application was filed. (Tr. 24, 176).). He was 30 years old at the time of the administrative hearing. (Tr. 31). He has completed the tenth grade and has past relevant work experience as a stock clerk, and as an assistant manager. (Tr. 24).

### Procedural History

Claimant applied for supplemental security income (SSI) under the Social Security Act (Act) in June 2022. (Tr. 174-82). Although he alleged disability beginning in May 2020, he could not receive benefits until after his 2022 SSI application date. *See* 20 C.F.R. § 416.335. His applications were denied. ALJ Elisabeth McGee held an administrative hearing on September 6, 2023 (Tr. 31-65) and determined that Claimant was not disabled in a written decision dated December 5, 2023. (Tr. 14-25). The Appeals Council denied review, so the ALJ's written opinion became the final decision of the Commissioner for purposes of appeal.

### Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. At step two, the ALJ found that Claimant had several severe impairments including vertigo, headaches, panic disorder with agoraphobia, social phobia, and personality disorder. (Tr. 16). She also found Claimant had nonsevere impairments of appendicitis, insomnia, and dextrocurvature of thoracolumbar spine. (Tr. 17).

Next, she found that Claimant's impairments did not meet a listing. (Tr. 17). At step four, she found that Claimant retained the residual functional capacity ("RFC") to a full range of work at all exertional levels with the following qualifications:

> no ladders, ropes, scaffolds, or unprotected heights; no bright sunlight; office level noise (3) moderate; can understand, remember,

>and carry out simple, routine, repetitive tasks; respond to usual work situations and routine work changes; able to interact appropriately with supervisor; incidental social interaction with co-workers and the general public.

(Tr. 18). The ALJ found that this RFC prevented Claimant from returning to any of his past relevant work. (Tr. 24). Next, the ALJ proceeded to step five and determined that Claimant was not disabled because there was other work that exists in significant numbers in the national economy that he could perform. *Id.*

### Review

Claimant asserts, *inter alia*, that he could not bend or stoop frequently due to non-severe scoliosis, and that the ALJ improperly ignored the scoliosis in assessing his RFC. The relevant medical evidence related to scoliosis includes the following: When Claimant went to the emergency room for appendicitis in 2021, a CT scan incidentally revealed some scoliosis (dextrocurvature) of his mid- to low back. (Tr. 336). In 2022, State agency medical consultants William McAfee, M.D., and Walter Bell, M.D., reviewed this CT scan along with other evidence and found no significant physical limitations. (Tr. 69, 76). Later records reflect normal physical examination findings, no treatment for scoliosis, and no medical opinions indicating that Claimant was limited by scoliosis, either alone or in combination with any other physical condition. (Tr. 426). At the September 2023 hearing, Claimant did not testify about any scoliosis or back issues.

The Court first addresses Claimant's assertion that he cannot do the frequent bending and stooping required to meet the medium-exertion physical demands of two of the three jobs the ALJ relied on at step five, due to his non-severe scoliosis.

Claimant cites no medical evidence supporting any limitation with respect to bending, stooping, or scoliosis. Nor does the record bear out any such limitations. Claimant's scoliosis was an incidental finding on an appendicitis-related CT scan. (Tr. 336). Two State agency physicians,

-4-

Dr. McAfee and Dr. Bell, reviewed that CT scan along with other evidence and found no significant physical limitations. (Tr. 69, 76). Claimant was not treated for scoliosis, his physical examinations were normal, and none of his providers indicated that he was limited at all. (Tr. 426). Based on this record, the ALJ did not need to include any limitations in the RFC with respect to bending, stooping, or scoliosis. *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (ALJ was not required to include in the RFC assessment limitations which were not supported by the medical record).

Moreover, Claimant's attorney never suggested to the ALJ that additional testing was required. (Tr. 53-54). "[I]n cases such as this one where the claimant was represented by counsel at the hearing before the ALJ, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored, and the ALJ may ordinarily require counsel to identify the issue or issues requiring further development." *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004) (quotation and citation omitted); *see also Tipton v. Comm'r of the Soc. Sec. Admin.*, No. CIV-20-359-KEW, 2023 WL 2525036, at *4 (E.D. Okla. Mar. 15, 2023) ("counsel did not request any additional development of the record by the ALJ" (citations omitted)).

Claimant further asserts the ALJ improperly ignored his non-severe scoliosis in assessing his RFC. However, the record demonstrates the ALJ adequately discharged her duty to consider the non-severe scoliosis. The ALJ expressly acknowledged her obligation to "consider all of [Claimant's] impairments, including impairments that are not severe," in assessing his RFC. (Tr. 16). The ALJ also specified that she found the scoliosis non-severe because "the medical evidence of record as discussed below" did not reflect that it would cause more than mild work-related limitations. (Tr. 17). In assessing Claimant's RFC, the ALJ stated that it was based on "careful consideration of the entire record" and "all symptoms." (Tr. 18). *See Flaherty v. Astrue*, 515 F.3d

1067, 1071 (10th Cir. 2007) (noting a general practice of "tak[ing] a lower tribunal at its word when it declares that it has considered a matter."). The ALJ then expressly omitted any scoliosis-related limitations from the RFC finding and summarized the evidence, which did not indicate symptoms, treatment, functional deficits, or work-related limitations due to the non-severe scoliosis. (Tr. 19-22). Among other things, the ALJ emphasized that Claimant's treatment had been sporadic and conservative, and aside from some "mild to moderate adaptive [mental] limitations," his symptoms had been neither "persistent" nor "limiting." (Tr. 21, 24). 20 C.F.R. § 416.929(c)(3)(v) (ALJ considers treatment). The ALJ discussed the medical opinions (Tr. 23), which did not include any limitations related to scoliosis. The ALJ also emphasized that none of Claimant's providers had opined to any restrictions on his ability to work. (Tr. 24). 20 C.F.R. § 416.929(c)(4) (ALJ considers inconsistencies); *Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995) (fact that the claimant's providers did not restrict him supported ALJ's finding of non-disability).

As set forth above, the ALJ's scoliosis-related findings are adequately supported and articulated. The ALJ considered the possible limiting effects of Claimant's non-severe scoliosis, but found it did not warrant any additional limitations. Nothing more was required on this scant record. *See Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004) (when the medical evidence does not conflict with an ALJ's conclusion, "the need for express analysis is weakened"). Therefore, the ALJ's finding that the evidence she discussed in assessing Claimant's RFC did not establish any significant work-related limitation due to scoliosis is supported by the record.

Finally, Claimant alleges a conflict between his RFC limitation to simple, routine, and repetitive tasks and information contained in the *Dictionary of Occupational Titles* (DOT) regarding the GED Reasoning Level 2 rating of two of the three jobs the ALJ relied on at step five:

night cleaner and merchandise marker.[3] To the extent the ALJ relied on GED Reasoning Level 2 occupations, this was not inconsistent with Claimant' RFC limitation to simple, routine, and repetitive tasks.

Claimant finished tenth grade and recently worked as an assistant store manager. (Tr. 200, 206). The DOT states that GED "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance"), and that GED Reasoning Level 2 jobs involve "detailed but uninvolved written or oral instructions" and only "a few concrete variables in or from standardized situations." *See* DOT, App'x C, 1991 WL 688702.6. The Tenth Circuit has made clear in both published and unpublished decisions that GED Reasoning Level 2 is consistent with simple, routine, and repetitive tasks. *See, e.g.*, *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (finding that a limitation to simple, routine, and repetitive tasks appeared consistent with GED Reasoning Level 2); *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (rejecting argument that simple, routine, or repetitive tasks equates with a limitation to jobs of GED Reasoning Level 1).

Therefore, because there is no conflict between an RFC for simple, repetitive, routine tasks and information contained in the DOT regarding GED Reasoning Level 2 jobs, Claimant has not shown legal error or inadequate support for the ALJ's decision.

## Conclusion

The Court finds that correct legal standards were applied by the ALJ, and substantial evidence supports the ALJ's finding that Claimant could do other work existing in significant numbers in the national economy.

---

[3] The third occupation the ALJ relied on, floor waxer, has a GED Reasoning Level of 1.

Accordingly, the decision of the Commissioner is hereby **AFFIRMED.**

**IT IS SO ORDERD this 24th day of October, 2024.**

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**